# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD LEROY SATTERLEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:18-03337-CV-RK |
| | ) | |
| COMMISSIONER OF INTERNAL | ) | |
| REVENUE SERVICE, INTERNAL | ) | |
| REVENUE SERVICE, FREEDOM OF | ) | |
| INFORMATION REQUEST, U.S. | ) | |
| DEPARTMENT OF THE TREASURY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant U.S. Department of the Treasury, Bureau of the Fiscal Service ("Defendant Fiscal Service")'s Motion to Dismiss for Lack of Subject Matter Jurisdiction, or in the alternative, Motion for Summary Judgment ("the Motion"). (Doc. 29.) The Motion is fully briefed. (Docs. 30, 32, 33.) After careful consideration and for the reasons below, the Motion is **GRANTED.**

## Background

Plaintiff Ronald Satterlee ("Plaintiff") brings this action pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act. The FOIA confers jurisdiction to district courts to enjoin an agency from withholding agency records and to order the release of agency records that are improperly withheld. 5 U.S.C. § 552(a)(4)(B). The Privacy Act establishes a procedure for fair information practices of records concerning individuals maintained by federal agencies. 5 U.S.C. § 552(a). On, November 24, 2017, Plaintiff submitted a FOIA and Privacy Act request, which Defendant Fiscal Service interpreted as a request for all records relating to any debts listed for him under his name and/or Social Security Number. (Docs. 1, 30.) Plaintiff alleges these records were not provided to him. (Doc. 1.)

## Legal Standard

Under Fed. R. Civ. P. 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "As to materiality, the substantive law will identify which facts are material."

1

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* "[A] dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "In considering a motion for summary judgment, the court does not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issue." *Morris v. City of Chillicothe*, 512 F.3d 1013, 1018 (8th Cir. 2008) (citation omitted). "Once the movant fulfills its responsibility of informing the court of the basis for its motion, identifying the portions of the record that demonstrate the absence of a genuine issue of material fact, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 857 (8th Cir. 2018) (quotation marks and citation omitted).

Summary judgment is available in a FOIA action where an agency demonstrates that it has fully discharged its obligations under the FOIA. *Missouri Coal for Env't Found. v. Army Corps of Eng'rs*, 542 F.3d 1204, 1209 (8th Cir. 2008). An agency meets the burden for summary judgment when the agency proves "that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Acts' inspection requirements." *Miller v. Dep't of States*, 779 F.2d 1378, 1383 (8th Cir. 1985). "[T] burden remains on the government to demonstrate that it has thoroughly searched for the requested documents where they might reasonably be found . . . once the agency has shown by convincing evidence that its search was reasonable, i.e., that it was especially geared to recover the documents requested, then the burden is on the requester to rebut that evidence by a showing that the search was not in fact in good faith." *Id.*

**Discussion**

Defendant Fiscal Service argues summary judgment is proper because it completed a reasonable search for the records Plaintiff requested, and after completing the search, Defendant Fiscal Service released all records to Plaintiff that were responsive to his requests. Plaintiff argues Defendant Fiscal Service did not perform a competent search because the search did not uncover what Plaintiff argues are known and identifiable documents. Plaintiff also argues the Motion is premature.

### A. Reasonableness of the Search

When an FOIA request is made, an agency must establish that it executed a search that was "reasonably calculated to uncover all relevant records." *Steinberg v. DOJ*, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting *Weisberg v. DOJ*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). The adequacy of a search depends if the search is reasonable. *DelVecchio*, 360 F. App'x at 108. *See also Miller*, 779 F.2d at 1382-83 ("[t]he adequacy of an agency's search for requested documents is judged by a standard of reasonableness . . . the search need only be reasonable; it does not have to be exhaustive"). To prove the adequacy of a search, an agency may rely on reasonably detailed, non-conclusory affidavits or declarations submitted in good faith. *Pollack v. Bureau of Prisons*, 879 F.2d 406, 409 (8th Cir. 1989).

Here, Defendant Fiscal Service submitted a detailed, non-conclusory declaration of Thomas Kobielus, a Management and Program Analyst and Senior Privacy Analyst employed by Defendant Fiscal Service. (Doc. 30-1.) Mr. Kobielus' declaration describes the search for records responsive to Plaintiff's request. The declaration specifically describes how the search was conducted to produce all responsive documents. Mr. Kobielus searched the IDMS and Treasury Offset Program systems for records responsive to Plaintiff's request. The declaration indicates these were the proper systems to search because they included data, reports, Notice of Levy Letters, and other documents related to the Federal Payment Levy Program. The search produced twenty-nine documents or records that may be responsive to Plaintiff's request. The Court finds the search was reasonable.

At this time, the burden shifts to Plaintiff to rebut the agency's evidence by showing the search was not reasonable or was performed in bad faith. Plaintiff has not provided any evidence to rebut Defendant Fiscal Service's evidence; therefore, there is no genuine issue of material fact as to the reasonableness and responsiveness of the search. *See Miller*, 779 F.2d at 1383 ("once the agency has shown by convincing evidence that the search was reasonable . . . then the burden is on the requester to rebut that evidence by showing that the search was not in fact in good faith"); *Amsinger v. IRS*, No. 4:08-CV-1085-AGF, 2009 WL 911831, at *2 (E.D. Mo. Apr. 1, 2009) ("[o]nce the agency meets its burden of proving that its search was reasonable, the burden shifts to the requester to rebut the agency's evidence").

### B. Documents Produced

Next, Plaintiff argues that Defendant Fiscal Service did not produce all documents. Defendant Fiscal Service is not required to provide all documents that Plaintiff believes are in existence; instead, Defendant Fiscal Service need only demonstrate that it "has made a diligent search for those documents in the places in which they might be expected to be found." *Miller*, 779 F.2d at 1385. *See* (Doc. 30-1, ¶¶ 8, 13) Here, Defendant Fiscal Service demonstrated through a declaration of Mr. Kobielus that he was "aware of no other custodians, system or systems, or any other computerized or paper records, within [the Debt Management Services] or anywhere else within Fiscal Service, that would need to be searched in order to identify all tax debts owed to the United States and referred to Fiscal Service." Further, Defendant Fiscal Service is not required to search every record system to find the records. *See McClanahan v. DOJ*, 204 F. Supp. 3d 30, 56 n.5 (D.D.C. 2016), *aff'd sub nom.*, *McClanahan v. DOJ*, 712 F. App'x 6 (D.C. Cir. 2018) ("Even if the plaintiffs were correct that additional records may be located somewhere on an [agency] system without a more clear and certain lead, the [agency] is not required to search every single record system in the hope that something additional may pop up.").

### C. Timeliness of the Motion

Last, Plaintiff argues the Motion is premature because Defendant Fiscal Service has not completed its search and has not submitted a *Vaughn* index.[1] As discussed above, Defendant Fiscal Service has completed a reasonable search for the records Plaintiff requested. Defendant Fiscal Service is not required to prepare a *Vaughn* index because Defendant Fiscal Service provided Plaintiff with all documents responsive to the search and did not withhold any documents. (Doc. 30-1, ¶ 20.) Therefore, the Motion is not premature.

---

[1] "A Vaughn Index is a document that agencies prepare in FOIA litigation to justify each withholding of information under a FOIA exemption." National Archives, *Office of Government Information Services*, https://www.archives.gov/ogis/resources/ogis-toolbox/foia-frequently-asked-questions (last visited July 15, 2019). "If an agency prepares a Vaughn Index, the index must: identify each document withheld; state the statutory exemption claimed; and explain how disclosure would damage the interests that the claimed exemption protects. *Id.* A *Vaughn* index is a tool to "ensure meaningful review of an agency's claim to withhold information subject to the FOIA request." *King v. DOJ*, 830 F.2d 210, 223 (D.C. Cir. 1987).

**Conclusion**

In construing the Motion in the light most favorable to Plaintiff, summary judgment in Defendant Fiscal Service's favor is appropriate. Therefore, Defendant Fiscal Service's Motion for Summary Judgment is **GRANTED**. The Court directs the Clerk of the Court to mail a copy of this Order to Plaintiff via regular mail.

**IT IS SO ORDERED.**

                                            s/ Roseann A. Ketchmark
                                            ROSEANN A. KETCHMARK, JUDGE
                                            UNITED STATES DISTRICT COURT

DATED: July 24, 2019