IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RONALD LEROY SATTERLEE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:18-03337-CV-RK |
| COMMISSIONER OF INTERNAL REVENUE SERVICE, INTERNAL REVENUE SERVICE, FREEDOM OF INFORMATION REQUEST, U.S. DEPARTMENT OF THE TREASURY, | ) |
| Defendants. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants the Internal Revenue Service (the "Service") and the Department of the Treasury's (the "Treasury") Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) ("the Motion"). (Doc. 10.) The Motion is fully briefed.[1] (Docs. 10, 16, 17, 19, 24, 27.) After careful consideration, the Motion is **GRANTED in part** and **DENIED in part**.

### Background

Plaintiff Ronald Satterlee ("Plaintiff") brings this action pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act. FOIA confers jurisdiction on district courts to enjoin an agency from withholding agency records and to order the release of any agency records improperly withheld. 5 U.S.C. § 552(a)(4)(B). The Privacy Act establishes a procedure for fair information practices of records concerning individuals maintained by federal agencies. 5 U.S.C. § 552a. Plaintiff alleges he sent a FOIA request to Defendant Service and Defendant Treasury and did not receive the records requested. (Doc. 1.)

---

[1] The Motion is accompanied by multiple responsive briefs. (Docs. 16, 17, 19, 24, 27). Plaintiff has filed three responsive briefs to the Motion, thereby eliciting two reply briefs from Defendants. Plaintiff has titled Doc. 16 as a motion, but the Court will construe this as Plaintiff's response to the Motion to Dismiss. (Doc. 10.) Further, Plaintiff has filed an additional response (Doc. 24) without leave of Court. Defendants then filed another reply. (Doc. 27.) Because Docs. 24 and 27 were filed without leave of Court and were not otherwise permitted by the Federal Rules of Civil Procedure, this Court does not consider them in its adjudication of the present motion. That being said, this Court has reviewed those documents, and even if considered, the additional briefs would not alter the Court's ruling.

1

In his Complaint, Plaintiff identifies four separate correspondences with Defendants, dated as follows: November 24, 2017; December 29, 2017; June 12, 2018; and September 4, 2018. In particular, Plaintiff alleges he sent a request to the Treasury on November 24, 2017, and subsequent appeal on December 29, 2017. (Doc. 1). However, this Court granted Defendant Treasury's motion for summary judgment regarding those requests. (Doc. 34). Even though the November 24, 2017 request appears substantially similar to the June 12, 2018 request now before the Court, the June 12, 2018 request was not mentioned or argued in Treasury's motion for summary judgment. Thus, before the Court now are Defendants' motion to dismiss regarding the September 4, 2018, Service request, and the June 12, 2018, Treasury request.

- **Internal Revenue Service Request:** Plaintiff alleges that on September 4, 2018, he sent a FOIA and Privacy Request to the "Internal Revenue Service, Federal Payment Levy Program" (the "Service Request"). (Doc. 1-6.) In the Service Request, Plaintiff sought records sent from the Treasury to the Bureau of Fiscal Service concerning his debts. (*Id.*) Plaintiff sought copies of any demands for payment, and proof that the alleged debt "involves only 'non tax' claims." (*Id.*) The Service argues that it has no record of receiving this request. (Doc. 10-2.)

- **Department of Treasury Request:** Plaintiff alleges that on June 12, 2018, he sent a FOIA request to the "U.S. Secretary of the Treasury" (the "Treasury Request"). (Doc. 1-5.) In the Treasury request, Plaintiff sought "[a]ll forms, writings, and associated information forwarded, shared, sent to Bureau of Fiscal Service from IRS concerning 'Type of Debt' 'Tax Levy'" and "[a]ll allegations made, proofs and sworn statements submitted . . . ." (Doc. 1-5.) Treasury argues it has no record of receiving this request. (Doc. 10-2.)

## Legal Standard

"A Rule 12(b)(1) motion challenges the federal court's subject matter jurisdiction over a cause of action." *Knox v. St. Louis City Sch. Dist.*, 2018 U.S. Dist. LEXIS 209123, at *2 (E.D. Mo. Dec. 12, 2018). "Subject matter jurisdiction is the power of a federal court to decide the claim before it. *Id.* (citing *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017)). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Federal courts retain the power to hear cases only if authorized to do so by both the Constitution and by statute. *Id.* "Generally speaking, a federal

court's subject-matter jurisdiction over a case must be based on either [a] federal question . . . or diversity." *Miller v. Clark*, 2013 U.S. Dist. LEXIS 196713, at *1 (W.D. Mo. June 14, 2013). If a federal court lacks jurisdiction over the subject matter of a case, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Circuits are split on the question of whether a failure to exhaust administrative remedies constitutes a true jurisdictional bar to FOIA claims or merely provides prudential grounds for declining to exercise jurisdiction." *Widtfeldt v. United States*, 2013 WL 2149100, at *3 (D. Neb. May 16, 2013). "While the Eighth Circuit has not squarely addressed this question, courts in the Eighth Circuit have concluded that a plaintiff's failure to exhaust his administrative remedies under FOIA deprives this Court of subject matter jurisdiction over the complaint." *Id.* at 4. "The agency's obligation to process a request for records is predicated on the agency's receipt of a request which reasonably describes the records sought and is made in accordance with published rules stating the time, place, fees, and procedures to be followed." *Giaimo*, 1996 WL 249362, at *2 (E.D. Mo. 1996) (citing 5 U.S.C. §552(a)(6)(A))(citing 5 U.S.C. § 552(a)(3)). Under FOIA, "federal jurisdiction is dependent on a showing that an agency has (1) improperly (2) withheld (3) agency records." *Kissinger v. Reporters Comm. For Freedom of Press*, 445 U.S. 136, 150 (1980). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *DOJ v. Tax Analysts*, 492 U.S. 136, 142 (1989).

## Discussion

Defendants argue dismissal is proper because: (1) the Commissioner of Internal Revenue is not a proper defendant in a FOIA action and should be dismissed; and (2) Plaintiff failed to exhaust his administrative remedies before filing suit because neither the Service nor the Treasury have a record of receiving his FOIA request.

### A. Defendant Commissioner of Internal Revenue Service

Defendants argue the Commissioner of Internal Revenue Service is not a proper defendant in this case because he is not an agency. FOIA applies to federal government agencies. *See* 5 U.S.C. § 552(a). The Internal Revenue Service is the only proper party to a FOIA and Privacy Action. *See* 5 U.S.C. § 552(a)(4)(B) (providing that district courts have jurisdiction to "enjoin the agency from withholding agency records"). "FOIA incorporates the definition of 'agency' found under the Administrative Procedures Act ("APA")."

*ACLU of Mich. v. FBI*, 2012 U.S. Dist. LEXIS 141383, at *7 (E.D. Mi. Sept. 30, 2012). "Under the APA, an 'agency' is defined as 'each authority of the Government of the United States, whether or not it is within or subject to review by another agency.'" *Nielson v. United States BLM*, 252 F.R.D. 499, 508 (D. Minn. Aug. 12, 2008) (quoting 5 U.S.C. § 551(1)). Accordingly, Defendant Commissioner of Internal Revenue Service is not a proper defendant and will be dismissed.

### B. Exhaustion of Administrative Remedies

The exhaustion of administrative remedies is a prerequisite to suit under FOIA and the Privacy Act. *Brumley v. U.S. Dept. of Labor*, 767 F.2d 444, 445 (8th Cir. 1985); *Elnashar v. DOJ*, 446 F.3d 792, 796 (8th Cir. 2006). Failure to exhaust administrative remedies is grounds for dismissal of a FOIA claim under Rule 12(b)(1). *Holmes v. Chao*, 90 F. App'x 188, 189 (8th Cir. 2004). *See also Widtfeldt*, 2013 WL 2149100, at *4 ("courts in the Eighth Circuit have concluded that a plaintiff's failure to exhaust his administrative remedies under FOIA deprives this Court of subject matter jurisdiction over the complaint"); *Giaimo v. IRS*, 1996 WL 249362, at *2 (E.D. Mo. Feb. 23, 1996) (holding that the court lacked subject matter jurisdiction over FOIA claims where plaintiff failed to exhaust its administrative remedies). An agency's obligation under FOIA cannot arise until the agency has received a proper request. *Giaimo*, 1996 WL 249362, at *2. *See also Widtfeldt*, 2013 WL 2149100, at *3 (holding that plaintiff failed to exhaust administrative remedies where there was no evidence plaintiff ever submitted a request).

Defendants argue that Plaintiff sent both the Treasury Request and Service Request to the wrong addresses; therefore, Plaintiff has not submitted valid FOIA requests or exhausted his administrative remedies. Plaintiff argues that despite the incorrect addresses, Defendants should have forwarded the request to the proper office that is designated to receive such requests.[2] *See* 26 C.F.R. § 601.702(c)(4)(C) ("Misdirected requests that otherwise satisfy the requirements of this section shall be immediately transferred to the appropriate responsible IRS official and the requester notified to that effect."). Among other things, the requests must "[b]e addressed to and mailed to the office of the IRS official who is responsible for the control of the records requested

---

[2] The Court notes that Plaintiff's Complaint describes a letter sent on December 29, 2017 as an appeal of the FOIA Request initially sent on November 24, 2017. (Docs. 1-3 and 1-4.) Those requests have been dealt with in the Court's order granting partial summary judgment. (Doc. 34).

4

(*see* paragraph (h) of this section for the responsible officials and their addresses) regardless of where such records are maintained." 26 C.F.R. § 601.702(c)(4)(C).

1. **Service Request**

Plaintiff sent the Service Request to: Federal Payment Levy Program, Stop 5050, Annex 5, PO Box 219236, Kansas City, MO 64121-9236. (Doc. 1-6.) However, the Service Request should have been sent to: Internal Revenue Service Freedom of Information Request, St. Louis Disclosure Office, Mail Stop 7000 St. Louis, PO Box 66781, St. Louis, MO 63166. 26 C.F.R. § 601.792(h)(2). Here, the Service Request was not directed to the appropriate official or appropriate address; therefore, it seems that Defendants were not required to forward the Service Request to the appropriate office. The proper parties did not receive Plaintiff's Service Request; therefore, Plaintiff has not exhausted his administrative remedies as to the Service Request. *See, e.g., Giaimo*, 1996 WL 249362, at *2; *Widtfeldt*, 2013 WL 2149100, at * 4.

2. **Treasury Request**

Plaintiff sent the Treasury Request to: FOIA Request, U.S. Secretary of the Treasury, 15th and Pennsylvania Ave., District of Columbia, 20220. (Doc. 1-5.) However, the Treasury Request should have been sent to: IRS FOIA Request, DO, Director, Disclosure Services, Department of Treasury, 1500 Pennsylvania Ave., NW, Washington, D.C., 20220. 31 C.F.R. Pt. 1, Subpt. A, App. A. The address on Plaintiff's Treasury Request is very similar to the address provided in the regulations. While the Departmental Office, the appropriate party to receive these requests, did not receive the Treasury Request, it cannot be said that Plaintiff's failure to use the address provided in the regulations prevented the Treasury Request from reaching the correct destination. *See Coolman v. Internal Revenue Service*, 1999 WL 675319, at *4 (W.D. Mo. July 12, 1999) (considering the merits of Plaintiff's request even when the address used was not identical to the address provided in the regulations). Therefore, Defendants should have forwarded the Treasury Request to the appropriate office. Accordingly, Treasury's motion on this point will be denied.

## Conclusion

After careful consideration and for the reasons above, the Motion is **GRANTED in part** concerning Defendant Commissioner of Internal Revenue Service and the Service Request and **DENIED in part** concerning the Treasury Request. The Court directs the Clerk of the Court to mail a copy of this Order to Plaintiff via regular mail.

**IT IS SO ORDERED.**

                                                s/ Roseann A. Ketchmark
                                                ROSEANN A. KETCHMARK, JUDGE
                                                UNITED STATES DISTRICT COURT

DATED: August 27, 2019