# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| RONALD LEROY SATTERLEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:18-03337-CV-RK |
| | ) |
| COMMISSIONER OF INTERNAL REVENUE SERVICE, INTERNAL REVENUE SERVICE, FREEDOM OF INFORMATION REQUEST, US DEPARTMENT OF THE TREASURY, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Department of the Treasury, Departmental Offices ("Treasury")'s motion for reconsideration. Treasury had filed a motion to dismiss for lack of jurisdiction on March 6, 2019. (Doc. 10.) Treasury's motion was denied on August 27, 2019. (Doc. 38.) Treasury then filed their motion for reconsideration on September 5, 2019. (Doc. 39.) Plaintiff did not repsond to Treasury's motion for reconsideration. After careful consideration, the Court **GRANTS** Treasury's motion and hereby **DISMISSES** Plaintiff's claims against Treasury.

## Background

Plaintiff Ronald Satterlee ("Plaintiff") brings this action pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act. FOIA confers jurisdiction on district courts to enjoin an agency from withholding agency records and to order the release of any agency records improperly withheld. 5 U.S.C. § 552(a)(4)(B). The Privacy Act establishes a procedure for fair information practices of records concerning individuals maintained by federal agencies. 5 U.S.C. § 552(a). Plaintiff alleges he sent a FOIA request to the Treasury and did not receive the records requested. (Doc. 1.) Plaintiff alleges that on June 12, 2018, he sent a FOIA request to the "U.S. Secretary of the Treasury." (Doc. 1-5.) In the Treasury request, Plaintiff sought "[a]ll forms, writings, and associated information forwarded, shared, sent to Bureau of Fiscal Service from IRS concerning 'Type of Debt' 'Tax Levy'" and "[a]ll allegations made, proofs and sworn statements submitted." (Doc. 1-5.) Treasury then filed its motion to dismiss, arguing Plaintiff had

failed to exhaust his administrative remedies because it has no record of receiving Plaintiff's request. (Doc. 10-2.) The Court denied Treasury's motion to dismiss, relying in part on *Coolman v. I.R.S.*, 1999 WL 675319, at *1 (W.D. Mo. July 12, 1999), *aff'd*, No. 99-3963WMSJ, 1999 WL 1419039 (8th Cir. Dec. 6, 1999). (Doc. 38.) Treasury moves the Court to reconsider its ruling and its interpretation and application of *Coolman*.

## Legal Standard

"The Federal Rules of Civil Procedure do not include a motion to reconsider." *Halloran v. Houhilan's Restaurants, Inc.*, No. 4:11–cv–01028–DGK, 2013 WL 54011 *1 (W.D. Mo. Feb. 12, 2013) (citations omitted). Although the Federal Rules of Civil Procedure "do not mention motions for reconsideration[,]" the Eighth Circuit has "determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'" *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (citation omitted). The Court's August 27, 2019, Order is a non-final order since it dismisses fewer than all claims. *See Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008) ("judgement" does not encompass an order dismissing fewer than all claims). "A court may reconsider an interlocutory order to correct any clearly or manifestly erroneous findings of fact or conclusions of law." *Westinghouse Elec. Co. v. United States*, No. 4:03CV861 CDP, 2009 WL 881605, at *4 (E.D. Mo. Mar. 30, 2009) (citation omitted).

## Discussion

The issue discussed in the Court's previous order, and now raised again in Treasury's Motion for Reconsideration, is whether Plaintiff exhausted his administrative remedies. When determining whether a plaintiff exhausted his administrative remedies under FOIA, the question is not whether the request was mailed to the correct office, but rather whether the agency received the alleged request. *Giaimo v. IRS*, No. 4:94CV2463, 1996 WL 249362, at *2 (E.D. Mo. Feb. 23, 1996). This is because an agency's "duty to process a request for records is clearly conditioned upon the receipt of such a request." *Id.* Accordingly, the proper question before the Court was whether the Treasury actually received the Treasury Request in the first place. *Id.*; *see also Mitchell v. Samuels*, 160 F. Supp.3d 8, 11 (D.D.C. 2016) (finding the requester failed to exhaust his administrative remedies where the agency had no record of receiving the alleged FOIA request); *Widtfeldt v. United States*, 2013 WL 2149100, at *4 (D. Neb. May 16, 2013) ("courts in

the Eighth Circuit have concluded that a plaintiff's failure to exhaust his administrative remedies under FOIA deprives this Court of subject matter jurisdiction over the complaint").

Upon consideration of the brief and authorities, the Court is satisfied that its August 27, 2019, order was erroneous and should be reconsidered to correct this error. The Treasury is correct in articulating that *Coolman* does not provide that a plaintiff need only mail a FOIA request with a substantially similar address as to the one provided by law. Rather, *Coolman* "stands for the proposition that if the agency actually receives the FOIA request, it cannot thereafter argue that the plaintiff failed to exhaust its administrative remedies by virtue of the fact that the Plaintiff mailed the request to an incorrect address." (Doc. 40.) Here, the Treasury presented the affidavit of Paul Levitan, who stated the Treasury had no record of receiving Plaintiff's FOIA request (Doc. 10-3), and Plaintiff has failed to establish the Treasury received his June 12, 2018, FOIA request. While Plaintiff did provide evidence that he sent a FOIA request to the Treasury (Docs. 1, 17-1), that is insufficient because Plaintiff has not produced evidence his request was ever received. Specifically, the tracking information Plaintiff submitted fails to show the address to which the item was delivered or that anyone signed for it. *Carter v. United States*, No. 1:16-CV-530. 2016 WL 4382725, at *4 (S.D. Ohio Aug. 16, 2016) (finding tracking information that did not include the address to which the item was delivered insufficient to prove receipt of a FOIA request); *Schoenman v. F.B.I.*, No. CIV.A.04-2202 (CKK), 2006 WL 1126813, at *11-13 (D.D.C. Mar. 31, 2006) (dismissing FOIA claim where plaintiff submitted no proof that agency received request, and where agency submitted affidavit stating it had not received request). Therefore, Plaintiff has failed to exhaust his administrative remedies.[1]

## Conclusion

Accordingly, Treasury's Motion for Reconsideration is **GRANTED**. Upon reconsideration, the Court finds Plaintiff failed to exhaust his administrative remedies. Therefore, the Court **DISMISSES** Plaintiff's claims against Treasury.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 2, 2019

---

[1] If Plaintiff wishes to pursue his FOIA request, he should file a new request.